UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SAMUEL STOKES,<br><br>    Plaintiff,<br><br>    v.<br><br>LT. WILLIAMS, et al.,<br><br>    Defendants. | CAUSE NO.: 3:19-CV-939-JD-MGG |

OPINION AND ORDER

Samuel Stokes, a prisoner without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. (ECF 19.) Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. The court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

This court previously issued a detailed screening order explaining that Stokes' original complaint did not state a plausible claim for relief. (ECF 18.) In his original complaint, Stokes described events occurring in October 2019, wherein a guard kept him up talking all night, and, as a result of his complaints, he was placed in a holding cell overnight. He also described a skirmish he had with two guards the following day in which he tried to "wrestle" out of the handcuffs they had placed on him. The court

explained that his allegations did not give rise to a viable Eighth Amendment claim, but afforded him an opportunity to submit an amended complaint.

The amended complaint is very difficult to parse. It contains a list of approximately 16 individuals Stokes identifies as "added defendants," including Commissioner William K. Wilson, Warden Robert Carter, and "All Downstate Heads."[1] Some of these individuals were not listed as defendants in the original complaint, and for the most part, he does not link particular defendants to specific acts of wrongdoing. He describes in vague terms a variety of things that have happened to him in recent years at Indiana State Prison, including his grievances being mishandled, his commissary items being lost, and a lack of medical care he has received for "hernia, corona virus, broken limbs, eye sight, head trauma etc." He states that he was attacked by two gang members on an unspecified date, but does not link this incident to any acts of the defendants. Given the scatter-shot approach Stokes has taken, the court cannot discern whether he states a viable claim against any defendant. There is also no indication that all of these incidents are attributable to the same defendants.

"Unrelated claims against different defendants belong in different suits[.]" *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017). When a plaintiff files a complaint with unrelated claims, it is the practice of this court to allow him to decide which related claims to pursue in the present case, as well as to decide whether to bring the other claims in separate suits. "[T]he plaintiff as

---

[1] He states that the list "does cover everyone directly and indirectly involved in my cases." (ECF 19 at 7.)

2

master of the complaint may present (or abjure) any claim he likes." *Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009); *see also Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (holding that district courts may direct a plaintiff "to file separate complaints, each confined to one group of injuries and defendants.").

Given Stokes' *pro se* status, the court will afford him one final opportunity to file a complaint that contains related claims and provides sufficient detail for this court to determine whether he states a plausible claim for relief under section 1915A. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). Stokes must decide which related claims he wants to pursue in this case, such as the denial of grievances, the lack of medical care, or the loss of his personal property. He must then obtain a blank **Prisoner Complaint (INND Rev. 8/16)** form and put this cause number on it. He must include only facts about the related claims he wishes to raise in this case, and list only the defendants he is suing in connection with those events. He should complete each question on the form to the best of his ability, clearly identify each defendant he is suing by name, and provide a factual basis in the body of the complaint for his claim against each defendant, including as much detail as possible, such as dates, locations, and individuals involved. If he has other unrelated claims he wants to pursue, he must do so in separate lawsuits.

For these reasons, the court:

(1) STRIKES the amended complaint (ECF 19);

(2) GRANTS the plaintiff until **August 17, 2020**, to file a second amended complaint containing only related claims; and

(3) CAUTIONS him that if he does not respond by the deadline, this case is subject to dismissal without further notice.

SO ORDERED on July 17, 2020

          /s/JON E. DEGUILIO
          CHIEF JUDGE
          UNITED STATES DISTRICT COURT