UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SAMUEL STOKES,

    Plaintiff,

    v.                                        CAUSE NO.: 3:19-CV-939-JD-MGG

LT. WILLIAMS, et al.,

    Defendants.

## OPINION AND ORDER

Samuel Stokes, a prisoner without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. (ECF 21.) Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. The court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

This is Mr. Stokes's third attempt to state his claims. His first complaint pertained to events occurring at Indiana State Prison in October 2019 involving C.O. Edwards, C.O. Potts, Lt. Williams, Sgt. Gorden, C.O. Hicks, and Mr. Thatcher (first name unknowns). He appeared to be trying to assert a claim for failure to protect him from harm by other inmates and/or a claim of excessive force. In a detailed screening order, the court explained that his allegations were too general and did not state a

plausible claim for relief against any defendant. (ECF 18.) In the interest of justice, the court afforded him an opportunity to submit an amended complaint.

Mr. Stokes's amended complaint did not remedy the deficiencies in his original complaint, and instead raised new, unrelated claims against a host of new defendants involving the denial of medical care, the loss of commissary items, and a variety of other matters. (ECF 20.) The court struck this complaint, but afforded him one final opportunity to file an amended complaint remedying the deficiencies in his original complaint and containing related claims. (*Id.*) The court instructed him that he must "clearly identify each defendant he is suing by name, and provide a factual basis in the body of the complaint for his claim against each defendant, including as much detail as possible, such as dates, locations, and individuals involved." (ECF 20 at 3.)

In his second amended complaint, Mr. Stokes names six defendants, which, with the exception of Mr. Thatcher, were not named in his prior complaints. The complaint is difficult to parse, but he claims that he "was attacked at least (3) times by D.O.C rank and C.O.s then a couple of times again while on suppose[d] D.O.C. protective custody by their convicted criminals." (ECF 2.) He does not provide any dates or specifics, however, nor does he link any specific act of wrongdoing to any of the six defendants.

His allegations could conceivably implicate Eighth Amendment concerns. The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates" and to "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). However, "prisons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a

propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Therefore, a failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Additionally, "negligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to support an Eighth Amendment claim. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). Rather, the defendant's "state of mind must rise to the level of deliberate indifference." *Id.* There is simply no factual content in the complaint from which to infer that any defendant was deliberately indifferent to Mr. Stokes's safety. He also mentions being "attacked" by correctional staff, but provides no details about such incidents. There is no basis to infer that any defendant used force against him maliciously and sadistically, rather than in a good-faith effort to maintain order in the facility. *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). He has not stated a plausible constitutional claim based on these allegations.

Ordinarily, the court should give a *pro se* litigant an opportunity to cure his defective pleadings. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). However, the court is not required to grant leave to amend where such action would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). The present complaint represents Mr. Stokes's third attempt to state his claims. The court has previously explained in detail what he must do to state a viable claim for relief but he has not followed these

instructions. The court finds no basis to conclude that, if given another opportunity, he could state a plausible claim for relief.

For these reasons, the court DISMISSES this case pursuant to 28 U.S.C. § 1915A because the complaint does not state a claim, and DIRECTS the clerk to close this case.

SO ORDERED on August 17, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT